# EXHIBIT 1

## CO-COUNSEL AGREEMENT

This Agreement is entered into this 21st day of December, 2016, by and between **Stern Law, PLLC ("SL")**, on the one hand, and, **The Liblang Law Firm, P.C. ("TLLF")**, on the other, and together, **"the Firms,"** for the purpose of setting forth the terms of a co-counsel relationship between the Firms ("SL/TLLF") regarding the potential representation of owners from various states of certain 2012-2015 Ford Focus and 2011-2015 Ford Fiesta vehicles with defective transmissions, deemed potentially eligible for compensation or other relief under applicable state "Lemon" laws and/or Magnuson-Moss Federal law through one or several mass, aggregate cases involving one hundred (100) or more clients, to be filed in Michigan state or Federal Court.

Whereas, SL may determine, in its discretion, to refer potential cases it has developed and managed to SL and TLLF acting as co-counsel, or SL/TLLF, for consideration and possible further handling; and

Whereas, SL/TLLF is willing to review potential cases referred by SL for the purpose of determining if the cases have sufficient merit and that, in the discretion of SL/TLLF, they should be pursued; and

Whereas, all of the parties to this agreement intend to herein define certain rights and duties relating to such a co-counsel relationship; and

Now, therefore, in consideration of the mutual covenants contained herein and other good and valuable consideration, the Firms hereby agree as follows:

1. With regard to any potential case referred by SL to SL/TLLF, TLLF agrees to exercise their best efforts to review the intake information supplied by SL, including the investigative notes prepared by SL and any records or repair orders obtained by SL, and to determine whether the case appears to have sufficient merit to warrant conducting further investigation, and, if so, to contact the potential client within fourteen (14) days of receiving the referral, and thereafter shall timely investigate and determine in its sole discretion whether the case will be accepted by and on behalf SL/TLLF. If TLLF is unsuccessful in reaching the potential client in a timely manner, TLLF shall notify and seek assistance from SL.

2. TLLF shall exercise their best efforts to respond to SL within 10 business days of its contact with the referred client and advise SL whether or not SL/TLLF will accept or reject the case, or whether the referred matter is still being investigated. In the event that SL/TLLF determines not to accept the case for handling, TLLF shall send a scanned correspondence by email on behalf of TLLF and SL, to the prospective client, advising said client of its/their decision not to handle said client's case and shall electronically provide a copy of said correspondence to SL. If TLLF determines to proceed with representation, it shall promptly arrange for a Retainer Agreement to be electronically directed to the prospective client.

TLLF shall not refer nor collect a fee on any related cases referred by SL which are rejected due to lack of merit by SL/TLLF. Contact information for any prospective clients rejected for representation due to lack of merit by ST/TLLF shall remain the sole property of SL. If and to the extent there are clients from select states which

**EXHIBIT 1**

have state Lemon or other consumer protection laws deemed more beneficial than whatever relief may be available to said clients under Magnuson-Moss Federal law in the contemplated mass, aggregate proceeding(s) to be filed in Michigan State or Federal Court as currently contemplated by SL/TLLF, then, (i) SL/TLLF may, if necessary and on terms deemed acceptable to SL and TLLF, affiliate with local counsel from said states and if permissible under ABA Model Rule 5.5, the Michigan Court would then apply the more favorable state law in the mass, aggregate filing(s), or (ii) if impermissible under Rule 5.5, or if for any other reason particular clients cannot be included in the mass, aggregated proceeding(s), SL/TLLF, or SL, acting alone, may refer said clients to counsel in said select states.

3. TLLF shall provide quarterly updates to SL concerning the status of all referred cases accepted by SL/TLLF, unless and until SL shall be provided with shared electronic and "cloud" based access to any case management system used by SL and TLLF in respect of any cases referred by SL to SL/TLLF, including access, electronic or otherwise, to any records or documents pertaining to each of said cases, and enabling SL to document its' hourly participation in each case. SL shall be described by TLLF as co-counsel in connection with any pleadings, and copied on any correspondence prepared in connection with any cases subject to this Agreement.

4. Once a potential case is referred to SL/TLLF, TLLF shall be responsible for monitoring the statute of limitations and other legal requirements, and shall properly inform the client of these issues, and shall take whatever appropriate steps are necessary to preserve the claim and/or to inform the potential client in a timely manner if SL/TLLF will be unable to handle the claim (and that certain time frames and other limitations apply).

5. Once a case is accepted by SL/TLLF, a Retainer Agreement must be executed between SL/TLLF and the client, including all provisions required by applicable law. The Fee Agreement with the client must contain the following language: "The undersigned client does hereby acknowledge that the attorney's fees to be paid under the terms of this contract will be shared equally by Stern Law, PLLC and The Liblang Law Firm, P.C., and each of said firms has accepted full legal and ethical responsibility for the client's claims. The total amount of the attorneys' fees will not be increased as the result of the fee sharing."

6. At all times following the acceptance of a claim for handling by SL/TLLF, TLLF shall be responsible to perform all tasks reasonably necessary for the prosecution or resolution of the claim, and SL will continue to oversee and participate in said cases as required by SL/TLLC. It is further agreed that the filing of any lawsuit in Federal or State Court shall not be the responsibility of SL, but shall be the primary responsibility of TLLF. SL and TLLF shall each be required to pay and staff adequate personnel to timely perform all functions required by this Agreement.

7. TLLF shall at all times and for all purposes hold harmless and indemnify SL from any and all liability for any actions or failures to act by TLLF in their handling of the claim(s). SL shall at all times and for all purposes hold harmless and indemnify TLLF from any and all liability for any actions or failures to act by SL in their handling of the claim(s).

In consideration of the work and services provided by SL prior to the referral by SL to SL/TLLF of the potential case; the ongoing supervision, participation and acceptance of joint responsibility provided by SL in connection with each client's case; and the advertising/ marketing expense and/or reimbursable file costs paid by SL, should the case be pursued by SL/TLLF to settlement or disposition resulting in any recovery, it is agreed that SL/TLLF shall pay to SL one-half (1/2) of the net attorney fees obtained by SL and TLLF in said case, and that SL/TLLF shall pay the remaining one-half (1/2) of the net attorney fees obtained by SL and TLLF in said case to TLLF, regardless of whether SL or TLLF may have actually performed the legal services resulting in whatever fees are collected. To the extent that SL or TLLF paid any costs properly chargeable to the manufacturer, excluding advertising/marketing expense, such costs paid in any such case shall be reimbursed to SL or TLLF at the time of distribution from the gross recovery and prior to the aforementioned division of fees. TLLF and SL shall maintain contemporaneous time records and cooperate as needed with respect to any fee petitions or hearings to maximize any fee recovery.

SL shall be solely responsible to pay any expert or file costs properly chargeable to the manufacturer, and shall pay said expenses immediately or within seventy-two hours of their presentation, subject to the understanding that: (1) the cases subject to this Agreement shall be filed in multiple aggregated proceeding(s) of 100 claims or more on behalf of clients with the same year, make and model vehicle; and (2) the total file costs paid by SL at any time shall not exceed $250,500. If and to the extent file costs are ever known or anticipated to exceed $250,500, SL/TLLF shall escrow and pay as required from the first fees received by SL and TLLF in connection with any cases subject to this Agreement, whatever amounts may be deemed necessary to provide sufficient funding at all times for whatever unpaid file costs are then known or anticipated.

Absent their written agreement to the contrary, SL does not agree to pay filing and service fees, or other costs, in connection with individually filed lawsuits, if required for any reason. In the event that any client's case must be filed individually or is severed from the mass, aggregate proceeding(s) contemplated herein, the Client Retainer Agreement shall require that the Client pay any filing fees and other costs.

8. An appropriate disbursement summary shall be provided to SL by SL/TLLF in connection with every case in which funds are received, accompanied by a check made payable to SL for the proceeds to which SL is entitled pursuant to this Agreement.

9. DUTIES UPON SETTLEMENT. In the event SL/TLLF recovers any proceeds and/ or attorney fees from any case subject to this Agreement, SL/TLLF shall provide the following documents to SL:

   a. A copy of the original settlement check;
   b. A copy of the fully executed release; and
   c. A copy of the breakdown of all costs expended in the matter.

10. Failure to provide the documentation identified in paragraph 9, or other violations of this Agreement, may result in removal of SL/TLLF from receiving future cases from SL.

11. Given the ongoing negotiations in the pending class action involving the same defect, and for other reasons, the parties acknowledge that it is important to file the aforementioned mass, aggregate proceeding(s) as quickly and as efficiently as possible. Subject to their professional judgment, the parties agree to file the mass, aggregate proceeding in Michigan State or Federal Court during 2016 or first quarter 2017.

12. There may also be certain Ford Fusion and Escape cases with defective transmissions, which SL shall refer to SL/TLLF, and said cases shall similarly be subject to the terms of this Agreement.

Wherefore, the parties having set forth their agreement herein, they affix below their signature and seals to confirm their consent to the provisions set forth above.

Dated this 21st day of December, 2016.

Stern Law, PLLC
41850 W. Eleven Mile Road
Suite 121
Novi, MI 48375

By: _____
Kenneth A. Stern, Esq., Chief Executive Officer

And

The Liblang Law Firm, PC
346 Park Street
Suite 200
Birmingham, MI 48009-3436

By: _____         Date: 12-21-16
Dani Liblang, Esq., Partner