# EXHIBIT 2

LAW OFFICES

# MOGILL, POSNER & COHEN

27 E FLINT STREET, 2ND FLOOR
LAKE ORION, MICHIGAN 48362
(248) 814-9470 PH
(248) 814-8231 FX

KENNETH M. MOGILL
ERICA N. LEMANSKI

OF COUNSEL
KENNETH R. SASSE
CAROLE M. STANYAR
BARBARA A. PATEK
RHONDA SPENCER POZEHL

March 22, 2023

*Via email only to* charles@hop-law.com

Charles W. Miller, Esq.
Heygood, Orr & Pearson
6363 N St Hwy 161, Suite 450
Irving TX 75038

    re: *In re Ford Motor Co. DPS6 Powershift Transmission Litigation*,
       C.D. Cal. #2:18-ml-02814-AB-PVC; March 8, 2023, subpoena *duces tecum* to The
       Liblang Law Firm, P.C.; **Notice of Objections pursuant to F.R. Civ. P. 45(d)(2)(B)**

Dear Mr. Miller:

    Please be advised that I represent The Liblang Law Firm, P.C. [herein Liblang], in connection with the March 8, 2023, subpoena *duces tecum* [herein the subpoena] issued to Liblang by you in connection with the above-identified case [herein the DPS6 MDL].

    Pursuant to the provisions of F. R. Civ. P. 45(d)(2)(B), the following constitute Liblang's objections to the above-identified subpoena *duces tecum*. I reserve the right to supplement or modify these objections as warranted.

    As you undoubtedly know, neither Liblang nor Dani Liblang is a party to the DPS6 MDL, nor has Ms. Liblang filed an appearance on behalf of any party in the case. In contrast, Kenneth Stern has appeared in the case and is, as you also know, your co-counsel in the case. The documents as to which production is sought relate to issues in ongoing litigation in Wayne County (Michigan) Circuit Court in *Dani Liblang and The Liblang Law Firm, P.C. v. Kenneth Stern and Stern Law PLLC*, Wayne Cir. #22-009825-CB [herein the 2022 case] and not to any issue in the DPS6 MDL.

    With respect to the documents whose production is sought by the subpoena:

    1. No documents whose production is sought are relevant to any issue in the DPS6 MDL, nor would production of any of these documents lead to the discovery of information relevant to any issue in the DPS6 MDL –

        (a) The DPS6 MDL involves the defective manufacture by Ford Motor Company of certain transmissions in Ford vehicles. The subpoena does not seek production of any documents that address or are in any way relevant to defects in the manufacture of the subject transmissions or to any defense as to any claim of

**EXHIBIT 2**

Charles W. Miller, Esq.
March 22, 2023
Page 2

defective manufacture of the subject transmissions,

(b) The subpoena seeks production only of documents relevant to the legal and contractual relationships among Liblang, Kenneth Stern and Stern Law PLLC [herein Stern] and other attorneys, which relationships are directly at issue in the 2022 case, which involves Stern's and others' breach of contract and tortious interference, among other claims. To the extent that any documents as to which production is sought, if any, are subject to production, such production is available to Stern in the 2022 case, and any and all disputes related to those documents, including disputes as to production, are most appropriately litigated in the 2022 case, and

(c) Liblang's assertion of a lien in the DPS6 MDL does not provide any relevance in this case to any document whose production is sought by the subpoena. In the event of a recovery in the DPS6 MDL, if Stern honors its legal and contractual obligations to Liblang, there will be no dispute to resolve and no need for discovery in relation to the non-existent dispute; if Stern fails to honor its obligations to Liblang, Liblang's lien will provide Liblang with protection against Stern and others repeating conduct in which they engaged in an earlier case when they unlawfully took the entire attorney fee despite Liblang's entitlement to a substantial portion of same. See, *e.g.*, *Dani Liblang and The Liblang Law Firm, P.C. v. Kenneth Stern and Stern Law PLLC et al.*, Wayne (Michigan) Cir. #20-014213-CK [herein the 2020 case]. However, no issue related to Liblang's entitlement to fees or to Liblang's lien in the DPS6 MDL will have "any tendency to make a fact [of consequence in determining the] case" "more or less probable than it would be without the evidence". F. R. Evid. 401;

2. Compliance with the subpoena would be unduly burdensome and would impose undue expense on Liblang. In violation of F. R. Civ. P. 45(d)(1), the production demand in the subpoena fails to "take reasonable steps to avoid imposing undue burden or expense" on Liblang. Specifically, the subpoena imposes an undue burden on Liblang because it demands production of documents already in your and/or Mr. Stern's possession, several of which are attached as exhibits to the subpoena. As to a substantial number of the documents whose production is sought, the exact identification of which is known to Stern and not to Liblang, you, through your co-counsel Mr. Stern, are already in possession or control of same. By way of example and not limitation, Mr. Stern is already in possession of the relevant agreements sought as requests #7 - 12, the documents relating to the 2020 case sought as request #35, the documents sought as requests #49 - 54 and the documents sought as requests #57 and #58;

3. The subpoena violates F. R. Civ. P. 26(b)(1) for the reason that it seeks production

Charles W. Miller, Esq.
March 22, 2023
Page 3

that is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit";

4. In violation of Mr. Stern's duty to pursue his clients' interests and not his own in the matter, the subpoena is an attempt to use the court's discovery processes in the DPS6 MDL for an improper personal purpose of Mr. Stern's in connection with the 2022 case, a Michigan case that is unrelated to any interest of any Plaintiff in the DPS6 MDL. Pursuing a personal interest separate from clients' interests risks developing into a significant conflict of interest;

5. Among the documents as to which production is sought, many are privileged and confidential, including but not limited to being subject to the attorney-client privilege, attorney-client confidentiality and/or the attorney work product privilege, including but not necessarily limited to the following –

(a) The fee agreements identified as requests #1 - #6,
(b) Communications between Liblang and Liblang's clients identified as requests #13 - #18, #47 and #48, #47 and #48,
(c) Billing records and related documents identified as requests #26 - #34, #37 - #46, and
(d) Documents sought as requests #55 and #56;

6. Requests #19 and #20 and #21 - #25 are so vague and ill-defined that it is impossible to know what documents are sought, and compliance is, therefore, impossible; and

7. Given the pendency of the 2022 case and the fact that any relevance of any document as to which production is sought is as to that case and not the DPS6 MDL, any permissible discovery of documents, if any, belongs in the 2022 case as a matter of comity, efficiency and judicial economy.

In these circumstances, the subpoena cannot have been issued with a good faith belief that it meets the requirements of Rules 26(b)(1) and 45(d)(2)(B). I respectfully request that you promptly withdraw the subpoena. If the subpoena is not withdrawn, we will move to quash and seek sanctions as appropriate. See, *e.g.*, *In re Modern Plastics Corp.*, 890 F.3d 244 (6th Cir. 2018).

Charles W. Miller, Esq.
March 22, 2023
Page 4

    I am available to meet and confer with you as to the production sought by the subpoena, and I encourage you to contact me promptly as to same.

                                            Sincerely,

                                            Kenneth M. Mogill

//
c:  Dani Liblang, Esq.